Lavione GAINEY, Petitioner–Appellant,

v.

James T. CONWAY, Respondent–Appellee.

No. 10–3017–pr.

United States Court of Appeals, Second Circuit.

Feb. 16, 2012.

Sally Wasserman, New York, NY, for Appellant.

Paul B. Lyons, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, RAYMOND J. LOHIER, JR., Circuit Judges, LEE H. ROSENTHAL,[1] District

1. Judge Lee H. Rosenthal, of the United   States District Court for the Southern District

Judge.

## SUMMARY ORDER

Lavione Gainey ("Appellant") appeals from a final judgment of the United States District Court for the Western District of New York (Telesca, *J.*), which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court granted a certificate of appealability on the issue of whether statements made by the prosecutor during summation deprived Appellant of a fair trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews a district court's decision to grant or deny a petition for a writ of habeas corpus de novo. *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir.2003).

For substantially the same reasons stated by the district court in its decision, we hold that the district court properly denied Appellant's petition for a writ of habeas corpus. New York Criminal Procedure Law ("C.P.L") § 470.05(2)(New York's "contemporaneous objection" rule) is an adequate and independent state law ground to bar review of Appellant's constitutional claim. *See Whitley v. Ercole*, 642 F.3d 278, 286–87 (2d Cir.2011). Although a habeas court may still consider the merits of a procedurally barred claim if the petitioner demonstrates cause for his default and actual prejudice attributable to the default, *see Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), Appellant has failed to show either in this case.

of Texas, sitting by designation.

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED.**